UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
HENRY ARROYO a/k/a HENRY ARROYO RIVERA,        Civil Action No.: _____

                                                  Plaintiff,        **COMPLAINT**

      -against-

                                                            ECF Case

THE UNITED STATES OF AMERICA,

                                                Defendant.
-------------------------------------------------------------------X

     Plaintiff, HENRY ARROYO a/k/a HENRY ARROYO RIVERA, by his attorneys, Barbosa Kobernitski Law, P.C., by way of Complaint against defendant, THE UNITED STATES OF AMERICA, respectfully sets forth and alleges upon information and belief as follows:

**PRELIMINARY STATEMENT**

     1.     This is an action brought pursuant to the Federal Tort Claims Act in which Plaintiff seeks monetary damages, an award of costs, interest and attorneys' fees, and such other and further relief as this Court deems just and proper, in connection with the negligent medical treatment provided to the Plaintiff by Defendant's employee(s), including MARTA RICO, M.D., COMPREHENSIVE FAMILY CARE CENTER, and/or MONTEFIORE MEDICAL CENTER, at the medical facility known as "Comprehensive Family Care Center" and/or "Montefiore" located at 1621 Eastchester Road, in the County of Bronx, City and State of New York, from approximately April 11, 2016 continuously through May 11, 2021, in including, but not limited to, failing to order/recommend/offer a PSA test and failing to timely diagnose and treat Plaintiff's prostate cancer and prevent its progression, causing the Plaintiff severe and permanent physical injury.

1

## PARTIES, JURISDICTION AND VENUE

2. The claims herein are brought against Defendant pursuant to the Federal Tort Claims Act (28 U.S.C. §2671 et seq.) and 28 U.S.C. §§1346(b) for money damages as compensation for personal injuries that were caused by the negligent and wrongful acts and omissions of employees of THE UNITED STATES OF AMERICA Government while acting within the scope of their offices and employment with a federal agency, under circumstances where THE UNITED STATES OF AMERICA, if a private person, would be liable to the Plaintiff in accordance with the laws of the State of New York.

3. Plaintiff, HENRY ARROYO a/k/a HENRY ARROYO RIVERA, is a resident of the State of New York, County of Bronx.

4. The Department of Health and Human Services ("HHS") is an agency of THE UNITED STATES OF AMERICA. Defendant, THE UNITED STATES OF AMERICA, through its agency, HHS, at all times herein mentioned, deemed the ownership, operation and control of the health care facility known as "Comprehensive Family Care Center" and/or "Montefiore" located at 1621 Eastchester Road, in the County of Bronx, City and State of New York, and deemed the employees and staff of said health care facility to be its agents, servants, and/or employees.

5. The medical facility known as "Comprehensive Family Care Center" and/or "Montefiore" located at 1621 Eastchester Road, in the County of Bronx, City and State of New York (hereinafter, referred to as the "Care Center"), is an agency of THE UNITED STATES OF AMERICA and an HRSA-supported health center under the Federal Tort Claims Act ("FTCA") and is provided medical malpractice liability protection by virtue of the Federally Supported Health Centers Assistance Act of 1992 and 1995 through the FTCA.

6. At all times alleged herein, the Care Center was authorized to conduct business in the State of New York and is an appropriate Defendant under the FTCA.

7. At all times alleged herein, Defendant Care Center maintained, operated, managed and controlled a medical facility for the care of the public in the County of Bronx, State of New York and held itself out to the public as furnishing facilities where patients, including the Plaintiff herein, could be treated and cared for by competent and skilled physicians, medical personnel, nurses, and technicians.

8. Marta Rico, M.D. was, at all times hereinafter mentioned, a physician duly licensed to practice medicine in the State of New York who treated the Plaintiff at the Care Center and at all times alleged herein, held herself as being proficient in the field of internal medicine.

9. At all times alleged herein, Marta Rico, M.D. was an employee of the Care Center, acting within the course and scope of her office or employment.

10. At all times alleged herein, Marta Rico, M.D. was an employee of the Defendant, THE UNITED STATES OF AMERICA, acting within the course and scope of her office or employment.

11. At all times alleged herein, MARTA RICO, M.D., COMPREHENSIVE FAMILY CARE CENTER, and/or MONTEFIORE MEDICAL CENTER were employees of THE UNITES STATES OF AMERICA Public Health Service and were acting within the scope of their employment for purposes of Plaintiff's claims against the Federal Defendants.

12. At all times alleged herein, all persons involved in the subject medical care and health services provided to the Plaintiff, HENRY ARROYO a/k/a HENRY ARROYO RIVERA, at the Care Center known as "Comprehensive Family Care Center" and/or "Montefiore" located

at 1621 Eastchester Road, in the County of Bronx, City and State of New York, including MARTA RICO, M.D., were deemed by agency regulations to be agents, servants, and/or employees of THE UNITES STATES OF AMERICA and/or HHS, an agency of THE UNITES STATES OF AMERICA, and/or some other government agency thereof, and were at all times material herein, acting withing the course and scope of such employment.

13. That Comprehensive Family Care Center, Montefiore Medical Center, and Marta Rico, M.D. were deemed to be employees of the United States Public Health Service pursuant to the Public Health Service Act, as amended by the Federally Supported Health Centers Assistance Act of 1995, 42 U.S.C. §233(g)-(n) and were acting within the scope of their employment for purposes of the claims asserted against them in connection with the medical care at issue.

14. Jurisdiction for this action in the United States District Court arises under 28 U.S.C. §§1346(b) and the FTCA, 28 U.S.C. §2675(a), which provides that a tort claim which is administratively denied or not given administrative disposition within six months of the filing of the claim may be presented to a Federal District Court for judicial consideration.

15. On January 21, 2022, Plaintiff timely filed and presented an Administrative Tort Claim for the claim set forth herein to HHS and THE UNITED STATES OF AMERICA within two years of May 11, 2021 when Plaintiff became aware of Defendant's negligence. On February 4, 2022, the Claim was acknowledged by HHS and assigned Claim No.: 2022-0407.

16. Within less than six (6) months thereafter, on June 30, 2022, Plaintiff timely submitted an Amended Administrative Tort Claim form to HHS regarding the dates of the subject malpractice and negligence claims based on two expert reports from a urologist and internal medicine physician which Plaintiff provided to HHS. On the same day, HHS acknowledged receipt of the Amended Claim.

17.     Six (6) months having elapsed from the submission of the claim, no denial has been issued by HHS and/or and THE UNITED STATES OF AMERICA in connection with this claim. Defendant, THE UNITED STATES OF AMERICA, has failed to resolve this claim.

18.     This action has been timely filed within six (6) months of the final and/or constructive denial of the claim. Plaintiff has complied with all jurisdictional prerequisites and conditions precedent to the commencement and prosecution of this FTCA lawsuit.

19.     Venue is proper pursuant to 28 U.S.C. §1391(e) and 28 U.S.C. §1402(b) in that the United States is a Defendant, all, or a substantial part of the acts or omissions forming the basis of these claims occurred in the Southern District of New York, and because Plaintiff resides in this district. The amount in controversy exceeds $75,000.00.

## GENERAL ALLEGATIONS

20.     Plaintiff, HENRY ARROYO a/k/a HENRY ARROYO RIVERA, is a resident of the State of New York, County of the Bronx within this judicial district.

21.     That at all times hereinafter mentioned, the Defendant, THE UNITED STATES OF AMERICA, was the owner of a medical office, clinic, facility and/or care center located at 1621 Eastchester Road, in the County of Bronx, City and State of New York.

22.     That at all times hereinafter mentioned, the Defendant, THE UNITED STATES OF AMERICA, provided funding for the aforesaid medical office, clinic, facility and/or care center located at 1621 Eastchester Road, in the County of Bronx, City and State of New York.

23.     That at all times hereinafter mentioned, the aforesaid medical office, clinic, facility and/or care center located at 1621 Eastchester Road, in the County of Bronx, City and State of New York, was known as "Comprehensive Family Care Center" and/or "Montefiore".

24. That at all times hereinafter mentioned, the aforesaid medical office, clinic, facility and/or care center was a federally funded center.

25. That at all times hereinafter mentioned, the aforesaid "Comprehensive Family Care Center" and/or "Montefiore" center was a federally funded center.

26. That at all times hereinafter mentioned, the aforesaid "Comprehensive Family Care Center" and/or "Montefiore" center, its agents, servants and/or employees operated, maintained, managed, controlled and supervised the aforesaid medical office, clinic, facility and/or care center, which held itself out to the public at large and, more particularly, to the Plaintiff herein, as a medical office, clinic and/or facility duly qualified and capable of rendering adequate medical care and treatment to the public at large and for such purposes hired physicians, surgeons, radiologists, nurses, attendants and other personnel.

27. That at all times hereinafter mentioned, the Defendant, THE UNITED STATES OF AMERICA, by its agents, servants, staff members, employees and/or independent contractors, operated, maintained, staffed and controlled the aforesaid care center located at 1621 Eastchester Road, in the County of Bronx, City and State of New York.

28. That at all times hereinafter mentioned, the Defendant, THE UNITED STATES OF AMERICA, by its agents, servants, staff members, employees and/or independent contractors held the subject care center out to the public at large and, more particularly, to the Plaintiff herein, as a medical office, clinic and/or facility duly qualified and capable of rendering adequate medical care and treatment to the public at large and for such purposes hired physicians, surgeons, radiologists, nurses, attendants and other personnel.

29. That at all times hereinafter mentioned, the Defendant, THE UNITED STATES OF AMERICA, used and employed physicians, nurses, attendants, assistants, consultants, staff

members and other medical care providers who were employed, authorized, contracted, retained and/or permitted by Defendant, THE UNITED STATES OF AMERICA, to provide medical care to patients attending the aforesaid care center.

30. That at all times hereinafter mentioned, the physicians, nurses, attendants, assistants, consultants, staff members and other medical care providers who worked at the aforesaid care center were the agents and/or employees of the Defendant, THE UNITED STATES OF AMERICA, and in doing (or failing to do) the things hereinafter mentioned were acting within the scope of their authority as such agents and employees and with the consent of Defendant.

31. That at all times hereinafter mentioned, Marta Rico, M.D. was an employee of the Defendant, THE UNITED STATES OF AMERICA.

32. That at all times hereinafter mentioned, Marta Rico, M.D. was an employee of the aforesaid "Comprehensive Family Care Center" and/or "Montefiore" center.

33. That at all times hereinafter mentioned, Marta Rico, M.D. treated patients at the aforesaid care center located at 1621 Eastchester Road, in the County of Bronx, City and State of New York.

34. That at all times hereinafter mentioned, Marta Rico, M.D. held herself out to the public, and more particularly, to the Plaintiff as possessing the proper degree of learning and skill and that she undertook to use reasonable care and diligence in the care and treatment of the Plaintiff.

35. In this Complaint, the term "defendant" includes the Defendant, its officers, agents, servants, employees, covered entities, deemed employees, and/or representatives.

## AS AND FOR A FIRST CAUSE OF ACTION
## FOR MEDICAL MALPRACTICE

36. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the paragraphs of this Complaint numbered "1" through "35," inclusive, with the same force and effect as if more fully set forth at length herein.

37. Commencing from approximately April 11, 2016 continuously through May 11, 2021 and thereafter, Plaintiff, HENRY ARROYO a/k/a HENRY ARROYO RIVERA, was a patient of, and under the care and treatment of the aforesaid Care Center known as "Comprehensive Family Care Center" and/or "Montefiore" located at 1621 Eastchester Road, in the County of Bronx, City and State of New York.

38. Commencing from approximately April 11, 2016 continuously through May 11, 2021 and thereafter, plaintiff, HENRY ARROYO a/k/a HENRY ARROYO RIVERA, was a patient of, and under the care and treatment of the aforesaid Care Center, he came under the medical care and treatment of Marta Rico, M.D.

39. Commencing from approximately April 11, 2016 continuously through May 11, 2021 and thereafter, plaintiff, HENRY ARROYO a/k/a HENRY ARROYO RIVERA, was a patient of, and under the care and treatment of the aforesaid Care Center, he came under the medical care and treatment of Marta Rico, M.D. for treatment of type 2 diabetes mellitus, erectile dysfunction, sick visits, and regular blood work, *inter alia*.

40. Throughout his treatment, commencing from approximately April 11, 2016 continuously through May 11, 2021, including after Plaintiff completed fifty (50) years of age, Defendant never ordered, discussed and/or offered the Plaintiff a Prostate-Specific Antigen test.

41. That at all times hereinafter mentioned, Defendant, in rendering medical care to the Plaintiff owed him a duty to use a reasonable degree of learning and skill, the duty to use

8

reasonable care and diligence in the exercising of that learning and skill, the duty to employ approved methods in general use and the duty to use their best judgment in the care and treatment of the Plaintiff.

42. Defendant, its agents, servants, physicians, staff members, nurse practitioners, and/or employees rendered medical care to plaintiff in a negligent, reckless and careless manner not in accordance and conformity with good and accepted medical practice and procedure.

43. Commencing from approximately April 11, 2016 continuously through May 11, 2021 and thereafter, Defendant, its agents, servants, physicians, staff members, nurse practitioners, and/or employees were negligent in the manner in which they treated the Plaintiff and they committed medical malpractice.

44. Defendant, its agents, servants, physicians, staff members, nurse practitioners, and/or employees were negligent in the manner in which they treated the Plaintiff, *inter alia*, in failing to properly and timely order a Prostate-Specific Antigen (PSA) test; failing to offer and/or discuss a PSA screening test upon Plaintiff completing fifty (50) years of age and thereafter; failing to diagnose/timely diagnose prostate cancer; failing to prevent the progression of prostate cancer; failing to properly and timely treat the plaintiff's cancer; failing to properly and timely diagnose the plaintiff; failing to perform proper and thorough physical examinations; failing to perform proper and timely diagnostic testing; failing to perform proper and timely laboratory testing; failing to perform proper and timely urology testing; failing to perform proper and timely medical imaging; failing to appreciate plaintiff's complaints, including related to urinary issues and erectile dysfunction; failing to take a proper and complete medical history; failing to timely biopsy; failing to timely refer the plaintiff to specialists, including a urologist and/or oncologist; in failing to treat the Plaintiff in accordance with the proper and accepted standard of medical

care and treatment; in depriving the Plaintiff of the opportunity to be cured of cancer; in depriving the Plaintiff of the opportunity of early cancer treatment; failing to properly and timely consult proper specialists; failing to supervise, direct and/or oversee the actions of those medical personnel and support staff providing care and treatment to the Plaintiff herein, including doctors, residents, nurses, nurses' aides, and/or technicians; in deviating and departing from the good and acceptable standards of medical and clinic care and practice; in failing to perform all the necessary, standard and required tests; and defendant was negligent and departed from good and accepted standards of medical practice and/or committed medical malpractice.

      45.    As a result of the carelessness, recklessness and negligence of the Defendant, Plaintiff was caused to sustain severe and permanent personal injuries, including prostate cancer; Plaintiff has been, and will continue to be compelled to suffer extreme pain and suffering; was caused to sustain past and future loss of earnings and earning capacity; was caused to suffer pain, mental anguish, emotional distress, embarrassment, anxiety, and loss of enjoyment of life; was caused to be rendered sick and disabled; was caused to seek extensive medical care, treatment and procedures and will, in the future, be so caused; was caused to undergo extensive medical care and treatment and will, in the future, be so caused; required oncology therapies and will so require in the future; was caused to undergo surgery and will, in the future, be so caused; was caused to undergo extensive diagnostic tests and procedures and may, in the future, be so caused; suffered past and future permanent physical impairment and permanent disability; suffered past and future medical care, health care and attendant care expenses, out of pocket expenses and other pecuniary losses and damages; has been and will continue to be incapacitated from attending to his usual and customary activities of daily living and recreational activities; past and future loss of enjoyment of life; that he requires and will continue to require for the remainder of

his life medical care, intervention and treatment for these permanent injuries; and this Plaintiff was damaged, all of which damages and injuries are permanent in nature and continuing into the future.

46. By reason of the foregoing, the Plaintiff has been damaged in a sum not to exceed Thirty Million ($30,000,000.00) Dollars.

### AS AND FOR A SECOND CAUSE OF ACTION
### FOR LACK OF INFORMED CONSENT

47. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the paragraphs of this Complaint numbered "1" through "46," inclusive, with the same force and effect as if more fully set forth at length herein.

48. The defendant failed to obtain the informed consent of an individual authorized to act upon his behalf, to the treatment, or lack of treatment rendered to the Plaintiff.

49. The defendant failed to obtain the informed consent of the Plaintiff regarding PSA screening or lack of screening.

50. Proper medical practice and procedure required Defendant to obtain the consent of Plaintiff, to the treatment or lack of treatment rendered to the Plaintiff.

51. Defendant, its agents, servants and/or employees failed to provide the Plaintiff with the information that reasonably prudent physicians would have provided under the circumstances and failed to make the Plaintiff aware of the risks and benefits of, and the alternatives to, PSA screening test/treatment.

52. A reasonably prudent person would not have undergone the treatment or lack of treatment provided by the Defendant had he been properly informed of the risks and hazards of such treatment, or lack of treatment.

53.     Plaintiff would not have agreed to the treatment, or lack of treatment provided by the Defendant had he been properly informed of the risks and hazards or such treatment, or lack of treatment.

54.     Defendant's failure to obtain the informed consent of an individual authorized to act on the Plaintiff's behalf is a contributing cause of the injuries sustained by the Plaintiff, as set forth above.

55.     By reason of the foregoing, the Plaintiff suffered serious and permanent injuries and complications as set forth above.

56.     By reason of the foregoing, the Plaintiff has been damaged in a sum not to exceed Thirty Million ($30,000,000.00) Dollars.

### AS AND FOR A THIRD CAUSE OF ACTION
### FOR MEDICAL FACILITY NEGLIGENCE

57.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the paragraphs of this Complaint numbered "1" through "56," inclusive, with the same force and effect as if more fully set forth at length herein.

58.     Defendant, THE UNITED STATES OF AMERICA, had an obligation, responsibility and duty to the Plaintiff to staff its Care Center with competent and qualified medical and nursing personnel and staff.

59.     That at all times hereinafter mentioned, Defendant, THE UNITED STATES OF AMERICA, failed and neglected to utilize and apply proper and acceptable standards and criteria in its hiring of physicians, nurses, and other medical personnel; failed and neglected to conduct the necessary periodic reviews of the competence of its physicians, nurses, and medical staff as required; failed and neglected to properly supervise, direct, oversee and/or control the actions

and performances of its physicians, nurses, and other medical personnel practicing and/or employed by and at its aforesaid Care Center; failed to establish, promulgate, and enforce regulations, policies and procedures for the care and treatment of patients such as the Plaintiff herein; failed to establish, promulgate, and enforce regulations, policies and procedures regarding PSA screening; knew or should have known of the propensity of its agents, employees, servants, and/or representatives, including Marta Rico, M.D., to fail to provide their patients with treatment and care consistent with the acceptable standards of medical care, including regarding PSA screening; was vicariously liable, ostensibly liable, and/or liable under a theory of respondeat superior for the acts and/or omissions of their agents, employees, servants, and/or representatives, including Marta Rico, M.D.

60. Defendant, THE UNITED STATES OF AMERICA, in rendering medical care to the Plaintiff through its agents, servants, nurses, staff members, employees and/or independent contractors owed him a duty for said agents, servants, nurses, staff members, employees and/or independent contractors to use a reasonable degree of learning and skill, the duty to use reasonable care and diligence in the exercising of that learning and skill, the duty to employ approved methods in general use, the duty to offer, discuss, and perform PSA screening, and the duty to use their best judgment in the care and treatment of the Plaintiff.

61. Defendant, its agents, servants, physicians, staff members, nurse practitioners, and/or employees rendered medical care to plaintiff in a negligent, reckless and careless manner not in accordance and conformity with good and accepted medical practice and procedure.

62. By reason of the foregoing, the Plaintiff has been damaged in a sum not to exceed Thirty Million ($30,000,000.00) Dollars.

**WHEREFORE**, Plaintiff, HENRY ARROYO a/k/a HENRY ARROYO RIVERA, demands judgment against the defendants on the First, Second, and Third Causes of Action in a sum not to exceed Thirty Million ($30,000,000.00) Dollars; together with the costs, disbursements and attorney's fees of this action. Plaintiff demands a trial by jury on all issues so triable.

Dated: New York, New York
      January 18, 2023

                                      BARBOSA KOBERNITSKI LAW, P.C.
                                      Attorneys for Plaintiff

                                  By: _____
                                    Melissa Barbosa Kobernitski (MBK6645)
                                    49 West 37th Street, 7th Fl
                                    New York, New York 10018
                                    (212) 969-8117
                                    mkobernitski@kobernitskilaw.com

## CERTIFICATE OF MERIT

I, MELISSA BARBOSA KOBERNITSKI, have reviewed the facts of this case and have consulted with at least one physician who is licensed to practice medicine in this State or in any other State, and I reasonably believe that said physician is knowledgeable as to relevant issues involved in this particular action and have concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of this action.

Dated: New York, New York
       January 18, 2023

*/s/ Melissa Barbosa Kobernitski*
MELISSA BARBOSA KOBERNITSKI